**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Gordon Doemer,<br><br>Plaintiff,<br><br>vs.<br><br>Charles Ryan; Maureen Johnson; Jennifer Fox; and Corizon Health Care Corporation,<br><br>Defendants. | No. CV-17-02174-PHX-DGC (BSB)<br><br>**ORDER** |

Plaintiff Russell Doemer has filed motions to reopen and continue this case. Docs. 145, 150, 152. Defendants oppose the motions. Docs. 147, 151. No party requests oral argument. For reasons stated below, the Court will deny the motions.

**I.  Background.**

Plaintiff is confined in Arizona state prison. In July 2017, he filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. The complaint asserts various constitutional violations, including Eighth Amendment medical claims against Arizona Department of Corrections Director Charles Ryan, Corizon Health Care Corporation, Assistant Facility Health Administrator Maureen Johnson, and Nurse Jennifer Fox. *See id.* at 6 (Count One); Doc. 27 at 2-8. These claims allege a denial of medical treatment for Plaintiff's hepatitis, prostate cancer, and blocked urethra. *See id.* All other claims and Defendants were dismissed in the screening order. Doc. 27 at 19-20.

The parties agreed to settle the case for a confidential amount in early January 2019 and filed a notice to this effect. *See* Docs. 135, 136. The Clerk administratively terminated the case on March 1, 2019 because the parties failed to timely file a stipulation to dismiss. Docs. 136, 138. The parties subsequently filed separate stipulations to dismiss with prejudice the claims against the individual Defendants (Doc. 139) and Corizon (Doc. 143), which the Court granted (Docs. 140, 144).

Plaintiff filed a motion to reopen and continue the case on April 8, 2019. Doc. 145. He filed another motion to continue the case several weeks later. Doc. 150. Defendants responded to each motion. Docs. 147, 151.

**II. Discussion.**

Plaintiff makes several arguments as to why the case should be reopened. None has merit.

First, Plaintiff contends that the stipulation to dismiss the individual Defendants is not effective due to an "illegal name for Plaintiff." Doc. 145 at 1. The stipulation was prepared by defense counsel and misidentifies Plaintiff as "Richard G. Doemer." Doc. 139 at 1. But Plaintiff crossed out this name and wrote "Russell G. Doemer" when he signed the document. *See id.* The stipulation, as amended, contains Plaintiff's correct legal name.

Second, Plaintiff contends that the settlement agreement and all stipulations are moot because "no sum of money has been utilized, cashed, or used" by Plaintiff. Doc. 150 at 2. The settlement agreement provides that it "shall become effective following tender of payment and execution by [Plaintiff]." Doc. 147 at 12. Plaintiff signed the agreement on March 8, 2019. *Id.* The agreement became effective when the settlement check was sent to Plaintiff on April 1. *Id.* at 14-17. The fact that he has not cashed the check or used the money does not make the agreement and stipulations moot.[1]

---

[1] On April 28, 2019, Plaintiff informed defense counsel that the check had been stolen and requested that a replacement check be issued. *Id.* at 19-20. Plaintiff received the new check on May 28. *See* Doc. 151 at 5-7.

Third, Plaintiff contends that the stipulations to dismiss were to be filed only after he received the settlement check. Doc. 150 at 2. He notes that the stipulation to dismiss the individual Defendants was filed before the check was issued. *Id.* But that stipulation provides that no monies were to be paid on behalf of the individual Defendants. Doc. 139. The settlement agreement also makes this point, explaining that the "[c]laims against Charles Ryan, Maureen Johnson, [and] Jennifer Fox have been dismissed with prejudice against them – with no monies paid on their behalf." Doc. 147 at 6. The filing of the stipulation to dismiss on March 12 provides no basis for reopening this case.

Finally, Plaintiff claims that an examination by a new doctor shows that his hepatitis is in an advanced stage and the condition clearly was misdiagnosed by Corizon. Doc. 145 at 1-3. Plaintiff seeks to reopen the case and amend his complaint. *Id.* at 3. But Plaintiff released all medical claims he may have against Defendants when the settlement agreement became effective on April 1. The agreement provides for the release of all claims whether "known or unknown, matured or unmatured, asserted or unasserted, or which may hereafter accrue or otherwise be acquired, on account of [his] injuries[.]" Doc. 147 at 7. Plaintiff expressly waived and assumed the risk of any claims for damages that are unknown, "including any claims which, if known, would materially affect his decision to enter into [the agreement]." *Id.* Plaintiff fully understood and voluntarily accepted the agreement's terms. *See id.* at 11. The agreement is a binding contract that precludes Plaintiff from pursuing any claim against Defendants based on the circumstances alleged in his complaint. *See* Doc. 147 at 2-3 (citation omitted).[2]

Plaintiff has failed to show that this case should be reopened. His motions to reopen and continue the case therefore will be denied.

---

[2] This Circuit has held that the repudiation or "complete frustration" of a settlement agreement can be grounds to set aside a judgment under Rule 60(b)(6). *Keeling v. Sheet Metal Workers Int'l*, 937 F.2d 408, 410 (9th Cir. 1991). Plaintiff, however, has not shown the repudiation or complete frustration of the settlement agreement. *See Moyer v. Tilton*, No. CIV S-03-1350, 2011 WL 590602, at *1 (E.D. Cal. Feb. 10, 2011) (denying motion to reopen where the plaintiff failed to make this showing).

3

**IT IS ORDERED:**

1. Plaintiffs' motions to reopen and continue the case (Docs. 145, 150, 152) are **denied**.

2. Defendants' motion to file their response under seal (Doc. 148) is **granted**. The Clerk is directed to accept for filing under seal the lodged response (Doc. 147). Defendants shall file a redacted version of the response on the Court's public docket no later than June 24, 2019.

Dated this 18th day of June, 2019.

David G. Campbell
Senior United States District Judge