**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Gordon Doemer,<br><br>Plaintiff,<br><br>vs.<br><br>Charles Ryan; Maureen Johnson; Jennifer Fox; and Corizon Health Care Corporation,<br><br>Defendants. | No. CV-17-02174-PHX-DGC (BSB)<br><br>**ORDER** |

Plaintiff has filed a motion to reopen this case and unbind the parties' settlement agreement. Doc. 155. The Court will deny the motion.

**I.  Background.**

Plaintiff asserts various constitutional violations against Defendants, including Eighth Amendment medical claims. Doc. 1. These claims allege a denial of treatment for Plaintiff's hepatitis and certain other medical conditions. *See id.* at 6; Doc. 27 at 3-6.

The parties agreed to settle the case for a confidential amount in early January 2019 and filed a notice to this effect. *See* Docs. 135, 136. The Clerk administratively terminated the case on March 1, 2019 because the parties failed to timely file a stipulation to dismiss. Docs. 136, 138. The parties subsequently filed stipulations to dismiss the claims with prejudice, which the Court granted. Docs. 139, 140, 143, 144.

Plaintiff filed motions to reopen and continue the case. Doc. 145, 150, 152. The Court denied the motions because the settlement agreement is a binding contract and

Plaintiff released all claims arising out of this action pursuant to the express terms of the agreement. Doc. 153. Plaintiff now asks the Court to reconsider this ruling. Doc. 155.

**II.  Reconsideration Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV-05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See id.*; *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

**III.  Discussion.**

Plaintiff claims that the Court failed to consider his argument that Defendants lied to him and withheld information about his diagnosis of hepatitis. Doc. 155 at 1. This is not correct.

Plaintiff argued in his initial motion to reopen that Defendants purposely ignored the fact that his hepatitis was in an advanced stage and falsely led Plaintiff to believe otherwise. Doc. 145 at 1. He further argued that Defendants withheld this information until the settlement agreement became effective. *Id.* at 2-3.

The Court considered these arguments in ruling on the motion to reopen. *See* Doc. 153 at 3 (citing Doc. 145 at 1-3). The Court denied the motion because the settlement agreement "provides for the release of all claims whether 'known or unknown, matured or unmatured, asserted or unasserted, or which may hereafter accrue or otherwise be acquired, on account of [his] injuries[.]'" *Id.* at 3 (quoting Doc. 147 at 7). The Court explained that Plaintiff "expressly waived and assumed the risk of any claims for damages that are unknown, 'including any claims which, if known, would materially

affect his decision to enter into [the agreement].'" *Id.* Because Plaintiff fully understood and voluntarily accepted the agreement's terms, the agreement is a binding contract that precludes Plaintiff from pursuing any claim against Defendants based on the circumstances alleged in his complaint. *See id.* (citing Doc. 147 at 2-3). Plaintiff has shown no manifest error in this ruling. Nor has he shown that the Court has overlooked or otherwise misapprehended matters.[1]

**IT IS ORDERED** that Plaintiff's new motion to reopen this case and unbind the settlement agreement (Doc. 155) is **denied**.

Dated this 8th day of July, 2019.

David G. Campbell
Senior United States District Judge

---

[1] Plaintiff asserts that he has documents which prove Defendants' alleged deceitful conduct, but he does not present this purported evidence in support of his motion for reconsideration. Nor did he present any such evidence with his prior motions to reopen. *See* Docs. 145, 150, 152.